UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PATRICK J. FAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHECKREDI OF KENTUCKY, LLC, and CUMBERLAND FARMS, INC.,<br><br>Defendants. | CLASS ACTION COMPLAINT<br><br>CASE NO. 6:20-cv-02068<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

NOW comes PATRICK J. FAY ("Plaintiff"), by and through the undersigned, on behalf of himself and all other similarly situated, complaining as to the conduct of CHECKREDI OF KENTUCKY, LLC ("Checkredi"), and CUMBERLAND FARMS, INC. ("Cumberland") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* against Checkredi for its unlawful conduct.

2. Plaintiff further brings this action for damages on behalf of himself and numerous other individuals pursuant to the Florida Consumer Collection Practices Act ("FCCPA") under Fla. Stat. §559.55 *et seq.*, as well as for Unjust Enrichment, against Defendants for their unlawful conduct.

**JURISDICTION AND VENUE**

1

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

5. Plaintiff is a 43 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Titusville, Florida, which lies within the Middle District of Florida.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

7. Checkredi is a payment services entity whose principal purpose is to provide debt collection services to its client and who further regularly collects or attempts to collect purported debts owed its clients. Checkredi is a limited liability company organized under the laws of the state of Kentucky with its principal place of business located at 406 Park Place, Lexington, Kentucky.

8. Cumberland operates a number of convenience stores and gas stations throughout the east coast of the United States, including the state of Florida. Cumberland is a corporation organized under the laws of the state of Delaware with its principal place of business located at 165 Flanders Road, Westborough, Massachusetts.

9. Defendants are "person[s]" as defined by 47 U.S.C. §153(39).

10. Checkredi is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

11. Cumberland is Checkredi's principal. Consequently, Cumberland is liable for Checkredi's actions as it exercises control over Checkredi's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

13. Joinder of Plaintiff's and putative Class member's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

14. The instant action arises out of Defendants' attempts to collect upon an outstanding obligation ("subject debt") Plaintiff is said to owe to Cumberland.

15. The subject debt arose in connection with purchases made at Cumberland.

16. Upon information and belief, after Plaintiff's purported default on the subject debt, Cumberland placed the subject debt with Checkredi for collection purposes.

17. In approximately the fall of 2020, Checkredi began placing calls to Plaintiff's cellular phone, (321) XXX-5676, in an attempt to collect upon the subject debt.

18. On unanswered calls, Plaintiff was left a voicemail message from Checkredi, wherein Checkredi would state that it was a debt collector attempting to collect upon a debt.

19. Upon speaking with Plaintiff, Checkredi advised that it was attempting to collect upon the subject debt, which totaled approximately $11.

20. After speaking with Plaintiff, Checkredi, without any sort of authorization on the part of Plaintiff, subsequently withdrew $11, as well as an additional $25, from Plaintiff's checking account.

21. Plaintiff was shocked and confused to find that Checkredi made these unauthorized withdrawals.

22. Plaintiff was additionally confused as to why Checkredi withdrew an extra $25 from his checking account, as this additional fee was never mentioned by Checkredi's representative during the conversation between the parties.

23. Upon information and belief, Checkredi withdrew the money from Plaintiff's account at the direction of Cumberland, and both Defendants unlawfully retaining the funds from Checkredi's unauthorized withdrawal.

24. All of Defendants' collection actions at issue occurred within the one year preceding the date of the filing of this Complaint.

25. Plaintiff suffered actual and concrete damages stemming from Defendants' conduct, including the pecuniary loss associated with the unauthorized withdrawal, as well as the emotional distress stemming from having funds taken from his bank account without authorization

26. Defendants' conduct harmed Plaintiff's statutorily protected interest to be free from deceptive, misleading, harassing, and unfair collection conduct.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on his own behalf and as a class action against Defendants on behalf of the following class:

> All persons residing in the state of Florida from whom Checkredi withdrew sums of money, from such persons' bank account or other financial account, absent such persons' authorization for such withdrawal, in connection with Checkredi's efforts to collect upon any obligation said to be owed to Cumberland, during the one year preceding the filing of this action through the date of class certification.

28. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

29. Upon information and belief, the Class consists of hundreds or more persons throughout the state of Florida, such that joinder of all Class members is impracticable.

30. There are questions of law and fact that are common to the Class members that relate to Checkredi's violations of the FDCPA and Defendants' violations of the FCCPA, particularly because they are based on a common course of conduct by Defendants.

31. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

32. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

33. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Checkredi violated the FDCPA by withdrawing sums of money from Plaintiff's and putative Class members' accounts without authorization; (ii) whether

Defendants violated the FCCPA through the sums of money which were withdrawn from Plaintiff's and putative Class members' accounts without authorization; (iii) whether Cumberland is directly liable under the FCCPA for the unauthorized withdrawals; (iv) whether Cumberland is vicariously liable for Checkredi's unauthorized withdrawals; and (v) the type and amount of relief to which the Plaintiff and Class members are entitled.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST CHECKREDI

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

37. Checkredi is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Checkredi further identifies itself as a debt collector

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692d**

39. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Checkredi violated §1692d when it harassingly and abusively withdrew funds from Plaintiff's bank account without authorization. Withdrawing funds from a consumer's bank account absent authorization is inherently conduct with the natural consequence of harassing, oppressing, and abusing such consumer.

### b. Violations of FDCPA § 1692e *et seq.*

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in . . . the seizure . . . of any property . . . of any person unless such action is lawful . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken . . . ." 15 U.S.C. § 1692e(5)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Checkredi violated §§1692e, e(4), e(5), and e(10) when it withdrew funds from Plaintiff's bank account without authorization. Checkredi's conduct implied that Plaintiff's nonpayment of the subject debt would, and actually did, result in the seizure of Plaintiff's property, although such conduct was not lawful. Furthermore, it was generally deceptive and misleading for Checkredi to withdraw funds from Plaintiff's account without authorization. It was false, deceptive, and misleading for Defendant to make this withdrawal as it was entirely without authorization.

44. Checkredi further violated §§ 1692e and e(10) through its confusing and misleading representations as to the amount Defendants were attempting to collect in connection with the subject debt. Although Checkredi informed Plaintiff that the subject debt totaled $11, it nevertheless withdrew (without authorization) a total of $36 from Plaintiff's account, leaving Plaintiff confused and concerned as to what purported charges made up the $25 additional to the balance of the subject debt as represented by Checkredi.

    c.  **Violations of FDCPA § 1692f**

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits, "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

46. Checkredi violated §§1692f and f(1) when it unfairly and unconscionably withdrew funds from Plaintiff's bank account without authorization. It was unlawful for Checkredi to make such withdrawal's completely absent authorization.

WHEREFORE, Plaintiff, PATRICK J. FAY, respectfully requests that this Honorable Court grant the following:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

  c. Statutory damages under 15 U.S.C. § 1692k(a);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

    **COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANTS

47. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

48. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "debtor" or "consumer" as that term is defined by Florida Statutes §559.55(8).

49. At all times relevant to this action Defendants are subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

50. At all times relevant to this Complaint, Defendants was and are "person[s]" as said term is defined under Fla. Stat. §1.01(3), and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as stated in Fla. Stat. §559.72.

51. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

52. Although Checkredi is the entity that made the unauthorized withdrawal from Plaintiff's account, Cumberland is both directly liable for its conduct as a person indirectly attempting to collect upon its own debt, as well as vicariously liable for Checkredi's violations of the FCCPA given the control it exercised over Checkredi and given its receipt of the benefit stemming from Checkredi's unlawful conduct.

   a. **Violations of FCCPA § 559.72(7)**

53. A person violates § 559.72(7) of the FCCPA when it willfully engages in conduct which can reasonably be expected to abuse or harass the debtor.

54. Defendants violated § 559.72(7) of the FCCPA through the harassing and abusive nature of the unauthorized withdrawal from Plaintiff's account. Extracting payment from a debtor when such debtor has not authorized such payment, especially when such forced payment is more than

9

the balance said to be owed on a particular debt, is conduct which can reasonably be expected to abuse or harass Plaintiff, and which did, in fact, abuse and harass Plaintiff.

WHEREFORE, Plaintiff, PATRICK J. FAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representations and of his counsel as Class Counsel;

c. Actual damages in an amount to be determined at trial pursuant to Fla. Stat. §559.77

d. Statutory damages under Fla. Stat. §559.77;

e. Enjoining Defendants from further violations, pursuant to Fla. Stat. §559.77(2);

f. Awarding costs and reasonable attorneys' fees pursuant Fla. Stat. §559.77;

g. Award any other relief this Honorable Court deems equitable and just.

### COUNT III – UNJUST ENRICHMENT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANTS

55. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

56. Under Florida law, the elements for a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Hillman v. Const. Corp. v. Wainer,* 636 So. 2d 576, 577 (Fla. 4th DCA 1994).

57. Defendants are liable to Plaintiff and putative class members for unjust enrichment. By virtue of Defendants withdrawing funds from Plaintiff without authorization, Plaintiff has conferred a benefit on Defendants in the form of the funds taken from his account. Defendants

knowingly received this benefit, as they withdrew the funds. Further, Defendants have accepted and retained the benefits of the funds withdrawn from Plaintiff's account. Given the circumstances, including the fact the withdrawal was made without authorization, and further considering that the amount withdrawn is more than that represented as comprising the entire balance, it would be inequitable for Defendants to retain the benefit of the withdrawn funds without reimbursing Plaintiff.

WHEREFORE, Plaintiff, PATRICK J. FAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representations and of his counsel as Class Counsel;

c. An award of restitution to the Plaintiff and Class in the amount of the funds improperly withdrawn by Defendants;

d. An award of pre-judgment interest, costs, attorneys' fees, expenses, and post-judgment interest as permitted by law;

e. The entry of judgment against Defendants and in favor of Plaintiff and Class in the amount of the relief requested and to be determined at trial; and

f. Any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 6, 2020                                                  Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
alejandrof@sulaimanlaw.com